# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| ROBERT C. BRANCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:09-CV-522 |
| | ) | |
| RODINO'S LIQUOR, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

This matter is before the Court on the amended complaint, filed by Plaintiff, Robert C. Branch, on December 18, 2009. For the reasons set forth below, this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

## BACKGROUND

Robert C. Branch, a *pro se* prisoner, filed this lawsuit pursuant to 42 U.S.C. section 1983. He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. section 1915.

## DISCUSSION

Pursuant to 28 U.S.C. section 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

Here, Branch's claims all stem from a state criminal charge in which he is accused of stealing a bottle of vodka from Rodino's Liquor Store ("Rodino's") in September 2009. First, he sues Rodino's for liable and slander, based on their report to police that he stole the vodka. He also sues Detective Daggy of the Elkhart Police Department, who arrested him in front of his home after Rodino's reported the vodka stolen and provided police with a photograph of Branch standing in the store holding a bottle of vodka. Finally, he sues Elkhart County prosecutor Curtis Hill

"because he is allowing one of his deputy prosecutors to prosecute me without probable cause." (DE# 5 at 3). Branch's allegations fail to state a claim.

First, Rodino's is a private company, not a state actor, and thus cannot be sued for constitutional violations. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Even assuming Rodino's could be considered a state actor, claims for slander or defamation are not actionable as a constitutional tort. *Paul v. Davis*, 424 U.S. 693, 712 (1976). Accordingly, Branch's allegations fail to state a claim against Rodino's.

Next, Branch claims that Detective Daggy unlawfully arrested him because "[he] ran my name for warrants and I was clear but he still took me into custody." (DE# 5 at 12). To succeed on an unlawful arrest claim, Branch must show that Detective Daggy arrested him without probable cause. *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 680 (7th Cir. 2007). Officers have probable cause if, based on the facts known to them at the time of the arrest, a prudent person would be warranted in believing that the suspect has committed an offense. *Smith v. Gomez*, 550 F.3d 613, 618 (7th Cir. 2008). When officers have probable cause, they may arrest a suspect without a supporting warrant. *Id.* In making a decision to arrest someone for criminal conduct that the police officer did not witness, the officer may rely on information provided to him or her

by the victim or by an eyewitness to the crime that the officer reasonably believes is telling the truth. *Holmes*, 511 F.3d at 680; *Reynolds v. Jamison*, 488 F.3d 756, 765 (7th Cir. 2007).

Here, it is apparent from the facts included in the complaint that Detective Daggy had probable cause to arrest Branch for theft based on the information known to him at the time. Specifically, Detective Daggy had knowledge of Rodino's report of the theft, which was reasonably credible in light of the photograph of Branch standing in the store holding a bottle of vodka like the one that went missing. The fact that Branch had no outstanding warrants when Detective Daggy ran his name through the system is irrelevant.

That leaves Branch's claim against the Elkhart County prosecutor. This claim cannot proceed because the prosecutor enjoys absolute prosecutorial immunity for his decision to prosecute Branch for theft. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Even if Branch could avoid prosecutorial immunity, this court does not have authority to dismiss or otherwise interfere with the state criminal charges pending against him as he requests. *See Younger v. Harris* , 401 U.S. 37, 53 (1971); *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001).

CONCLUSION

For the reasons set forth above, this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. section 1915A because the complaint does not state a claim.


**DATED:  December 30, 2009**         **/s/RUDY LOZANO, Judge**
                                      **United States District Court**